Christopher R. Kaup, Esq. (SBN 014820)
David M. Barlow (SBN 035812)
TB TIFFANY & BOSCO P.A.
SEVENTH FLOOR CAMELBACK ESPLANADE II
2525 EAST CAMELBACK ROAD
PHOENIX, ARIZONA 85016
TELEPHONE: (602) 255-6000
FACSIMILE: (602) 255-0103
E-Mail: crk@tblaw.com, dmb@tblaw.com
*Attorneys for Secured Creditor, Harvest Hill Properties, LLC*

-and-

Allan D. NewDelman (004066)
ALLAN D. NEWDELMAN, P.C.
80 East Columbus Avenue
Phoenix, AZ 85012
anewdelman@adnlaw.net
*Attorney for Debtor*

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| In re:<br>**MICHAEL ANTHONY BUTLER,**<br>Debtor.<br><br>**HARVEST HILL PROPERTIES, LLC,**<br>Movant,<br>v.<br>**MICHAEL ANTHONY BUTLER,**<br>Respondent. | Chapter 13 Proceeding<br><br>Case No. 2:25-bk-00258-MCW<br><br>**STIPULATED MOTION TO LIFT AUTOMATIC STAY**<br><br>Property: Parcel No. 012-610-012-00, Charlevoix County, Michigan |

Pursuant to 11 U.S.C. § 362(d) and Local Rule 4001-1 of the United States Bankruptcy Court, District of Arizona, secured creditor Harvest Hill Properties, LLC ("Movant" or "Harvest"), and the debtor, Michael Anthony Butler ("Debtor"), by and through undersigned counsel, hereby stipulate, agree and request that the Court grant the stipulated relief from the automatic stay to permit Movant to foreclose on the real property described as follows: undeveloped raw land , commonly known as "S End Road, Beaver

Island, Ml 49782", Parcel No. 012-610-012-00, Charlevoix County, Michigan. This stipulation is supported by the accompanying Memorandum of Points and Authorities.

**MEMORANDUM OF POINTS AND AUTHORITIES**

The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding in accordance with 28 U.S.C. § 157(b)(2). Venue is proper before the Court pursuant to 28 U.S.C. § 1409.

On January 13, 2025, Debtor Michael Allen Butler (hereinafter "Debtor") voluntarily commenced a case under Chapter 13 of the Bankruptcy Code. The filing of the Petition commencing said case purports to stay certain acts and proceedings against Debtor or the property of Debtor. Debtor claims an interest certain undeveloped raw land, commonly know as "S End Road, Beaver Island, Ml 49782", Parcel No. 012-610-012-00, Charlevoix County, Michigan with the following legal description (the "Property").

> Legal Description: Unit 12, Gaelic Shores Condominium, according to the Master Deed as recorded in Liber 360, Page 163 through 231, inclusive, Charlevoix County Records, and designated as Charlevoix County Condominium Plan No. 80. Together with rights in general common elements and limited common elements as set forth in the above Master Deed and amendments thereto, and as described in Act 59 of the Public Acts of 1978, as amended.

On February 19, 2025, Debtor filed a Motion to Convert Case to Chapter 11, Doc. 25.

On February 28, 2025, Harvest filed proof of claim no. 5 (the "Proof of Claim") claiming an aggregate amount of the debt owed to Movant encumbering the Property at $28,026.36.

Harvest is the current holder of a promissory note executed by Debtor on November 9, 2022 (the "Note"), attached hereto as **Exhibit "1".** The Note is secured by a Memorandum of Land Contract, dated December 23, 2022 (the "Contract"), attached hereto as **Exhibit "2"**.

As of January 13, 2025, the outstanding balance on the Contract was $23,947.90, with unpaid accrued interest equaling $1,404.99, late charges of $78.32, and other recoverable costs (after application of a Trust Balance) equaling $173.47, for a total contractual debt of

$25,526.36. *See* payoff information letter for Note ("Payoff Information"), attached hereto as **Exhibit "3"**.

In Debtor's Schedules at Schedule B, part 1.2 (Doc. 26), Debtor did not identify Harvest as the creditor for the Property and asserts that the value and the balance of the Note is $27,500.00.

Debtor has failed to make several regular monthly payments on the Note and is currently in default on the obligations under the Contract. Debtor has not made numerous payments to Harvest and has no ability to make future payments to Harvest and no need for the Property. Debtor and Harvest agree that the Property is not necessary for a reorganization that is within prospect and Harvest's interest in the Property are not adequately protected.

Debtor and Harvest agreed to file this Stipulation and seek relief from the automatic stay so as to permit Harvest to take whatever steps necessary to recover the Property. Debtor's decision to surrender the Property is a valid exercise of business judgment because Debtor does not plan on using the Property as part of its reorganization.

Section 362(d) provides that a court shall modify, terminate, or annul the automatic stay (1) for cause, including the lack of adequate protection or (2) if the debtor does not have equity in the property and such property is not necessary to an effective reorganization. 11 U.S.C. § 362(d)(1) and (d)(2). If a creditor prevails either in the finding of "cause" under section 362(d)(1) or in the finding that the debtor does not have any equity in the property and that the property is not necessary for an effective reorganization under section 362(d)(2), then relief from the automatic stay must be granted. *See In re Sun Valley Ranches, Inc.,* 823 F.2d 1373, 1376 (9th Cir. 1987); *In re Mallas Enterprises, Inc.*, 37 B.R. 964 (9th Cir. B.A.P. 1984). Movant bears the burden of proof only on the issue of the Debtor' lack of equity in the Property. 11 U.S.C. § 362(g)(1). The Debtor bear the burden of proof on all other issues. 11 U.S.C. § 362(g)(2).

Here, Debtor and Movant have agreed that the automatic stay be terminated as provided by Section 362(d) of the Bankruptcy Code to allow Movant, its agents, successors, and assigns to foreclose on the Property pursuant to applicable Michigan law.

**RESPECTFULLY SUBMITTED** this 27th day of March, 2025.

**TIFFANY & BOSCO, P.A.**

By: /s/ Christopher R. Kaup

Christopher R. Kaup (014820)
David M. Barlow (035812)
2525 East Camelback Road, Suite 700
Phoenix, Arizona 85016
Telephone: (602) 255-6000
Facsimile: (602) 255-0103
E-Mail: crk@tblaw.com, dmb@tblaw.com
*Attorneys for Secured Creditor, Harvest Hill Properties, LLC*

-and-

**ALLAN D. NEWDELMAN, P.C.**

By: ______________________

Allan D. NewDelman (004066)
80 East Columbus Avenue
Phoenix, AZ 85012
anewdelman@adnlaw.net
*Attorney for Debtor*

______________________
Michael Butler

**FOREGOING** electronically filed with the Clerk of United States Bankruptcy Court this 27th day of March, 2025.

**AND COPY** served via US Mail to all those on the Master Mailing List on file with the Court, which will be evidenced by a separate certificate of mailing.

*/s/ Bianca Ochoa*
Bianca Ochoa, Paralegal Trainee

# EXHIBIT 1

# INSTALLMENT PROMISSORY NOTE

$31,950.00                                              Date: November 09, 2022

For value received, the undersigned Michael Butler (the "Borrower"), at 4939 West Ray Road, Suite 4-510, Chandler, Arizona 85226, promises to pay to the order of Harvest Hill Properties, LLC (the "Lender"), at 10 Greenwood Drive #168, East Greenbush, New York 12061 (or at such other place as the Lender may designate in writing), the sum of $31,950.00 with interest from January 01, 2023, on the unpaid principal at the rate of 12.9% per annum.

## I. TERMS OF REPAYMENT

**A. Payments.** The unpaid principal and accrued interest shall be payable in monthly installments of $928.52 beginning on January 01, 2023, and continuing until December 01, 2027 (the "Due Date"), at which time the remaining unpaid principal and interest shall be due in full.
Montly Installments are itemized below:
Monthly Loan Payment: $725.33
Monthly Taxes:  $153.19
Monthly Loan Servicing Fee:  $35.00
Monthly Liability Insurance:  $15.00

**B. Application of Payments.** All payments on this Note shall be applied first in payment of accrued interest and any remainder in payment of principal.

**C. Late fees.** The Borrower promises to pay a late charge of $25.00 for each installment that remains unpaid more than 10 day(s) after its Due Date. This late charge shall be paid as liquidated damages in lieu of actual damages, and not as a penalty. Payment of such late charge shall, under no circumstances, be construed to cure any default arising from or relating to such late payment.

**D. Acceleration of Debt.** If any payment obligation under this Note is not paid when due, the remaining unpaid principal balance and any accrued interest shall become due immediately at the option of the Lender.

## II. PREPAYMENT

The Borrower reserves the right to prepay this Note (in whole or in part) prior to the Due Date with no prepayment penalty.

## III. COLLECTION COSTS

If any payment obligation under this Note is not paid when due, the Borrower promises to pay all costs of collection, including reasonable attorney fees, whether or not a lawsuit is commenced as part of the collection process.

## IV. DEFAULT

If any of the following events of default occur, this Note and any other obligations of the Borrower to the Lender, shall become due immediately, without demand or notice:

A) the failure of the Borrower to pay the principal and any accrued interest when due;

B) the death of the Borrower or Lender;

C) the filing of bankruptcy proceedings involving the Borrower as a debtor;

D) the application for the appointment of a receiver for the Borrower;

E) the making of a general assignment for the benefit of the Borrower's creditors;

F) the insolvency of the Borrower;

G) a misrepresentation by the Borrower to the Lender for the purpose of obtaining or extending credit.

**V. SEVERABILITY OF PROVISIONS**

If any one or more of the provisions of this Note are determined to be unenforceable, in whole or in part, for any reason, the remaining provisions shall remain fully operative.

**VI. MISCELLANEOUS**

All payments of principal and any interest on this Note shall be paid in the legal currency of the United States. The Borrower waives presentment for payment, protest, and notice of protest and demand of this Note.

No delay in enforcing any right of the Lender under this Note, or assignment by Lender of this Note, or failure to accelerate the debt evidenced hereby by reason of default in the payment of a monthly installment or the acceptance of a past-due installment shall be construed as a waiver of the right of Lender to thereafter insist upon strict compliance with the terms of this Note without notice being given to Borrower. All rights of the Lender under this Note are cumulative and may be exercised concurrently or consecutively at the Lender's option.

**VII. GOVERNING LAW**

This Note shall be construed in accordance with the laws of the State of Michigan.

**VIII. SIGNATURES**

This Note shall be signed by Michael Butler.

**IN WITNESS WHEREOF, this Agreement has been executed and delivered in the manner prescribed by law as of the date first written above.**

Borrower:
Michael Butler

By: ______________________ Date: 11/09/2022

Michael Butler

ASSIGNMENT

[ONLY COMPLETE THE FOLLOWING INFORMATION TO ASSIGN PAYMENTS TO A NEW PARTY.]

For value received, the above Note is assigned and transferred to

_____________________________________________, ("Assignee") of

_________________________,_________________________,
(City)(State/province)

________________________.
(Country)

Dated: _________________________

By:_____________________________________________________

Harvest Hill Properties, LLC

AMORTIZATION SCHEDULE

Annual Percentage Rate = 12.9000%   Principal = $31950.00

| Payment Number | Payment Date | Total Payment | Interest Amount | Principal Amount | Loan Balance |
|---|---|---|---|---|---|
| 0  | 1/01/2023  | 0.00   | 0.00   | 0.00   | 31950.00 |
| 1  | 2/01/2023  | 725.33 | 343.46 | 381.87 | 31568.13 |
| 2  | 3/01/2023  | 725.33 | 339.36 | 385.97 | 31182.16 |
| 3  | 4/01/2023  | 725.33 | 335.21 | 390.12 | 30792.04 |
| 4  | 5/01/2023  | 725.33 | 331.01 | 394.32 | 30397.72 |
| 5  | 6/01/2023  | 725.33 | 326.78 | 398.55 | 29999.17 |
| 6  | 7/01/2023  | 725.33 | 322.49 | 402.84 | 29596.33 |
| 7  | 8/01/2023  | 725.33 | 318.16 | 407.17 | 29189.16 |
| 8  | 9/01/2023  | 725.33 | 313.78 | 411.55 | 28777.61 |
| 9  | 10/01/2023 | 725.33 | 309.36 | 415.97 | 28361.64 |
| 10 | 11/01/2023 | 725.33 | 304.89 | 420.44 | 27941.20 |
| 11 | 12/01/2023 | 725.33 | 300.37 | 424.96 | 27516.24 |
| Subtotals |  | 7978.63 | 3544.87 | 4433.76 |  |
| 12 | 1/01/2024  | 725.33 | 295.80 | 429.53 | 27086.71 |
| 13 | 2/01/2024  | 725.33 | 291.18 | 434.15 | 26652.56 |
| 14 | 3/01/2024  | 725.33 | 286.52 | 438.81 | 26213.75 |
| 15 | 4/01/2024  | 725.33 | 281.80 | 443.53 | 25770.22 |
| 16 | 5/01/2024  | 725.33 | 277.03 | 448.30 | 25321.92 |
| 17 | 6/01/2024  | 725.33 | 272.21 | 453.12 | 24868.80 |
| 18 | 7/01/2024  | 725.33 | 267.34 | 457.99 | 24410.81 |
| 19 | 8/01/2024  | 725.33 | 262.42 | 462.91 | 23947.90 |
| 20 | 9/01/2024  | 725.33 | 257.44 | 467.89 | 23480.01 |
| 21 | 10/01/2024 | 725.33 | 252.41 | 472.92 | 23007.09 |
| 22 | 11/01/2024 | 725.33 | 247.33 | 478.00 | 22529.09 |
| 23 | 12/01/2024 | 725.33 | 242.19 | 483.14 | 22045.95 |
| Subtotals |  | 8703.96 | 3233.67 | 5470.29 |  |
| 24 | 1/01/2025  | 725.33 | 236.99 | 488.34 | 21557.61 |
| 25 | 2/01/2025  | 725.33 | 231.75 | 493.58 | 21064.03 |
| 26 | 3/01/2025  | 725.33 | 226.44 | 498.89 | 20565.14 |
| 27 | 4/01/2025  | 725.33 | 221.08 | 504.25 | 20060.89 |
| 28 | 5/01/2025  | 725.33 | 215.66 | 509.67 | 19551.22 |
| 29 | 6/01/2025  | 725.33 | 210.18 | 515.15 | 19036.07 |
| 30 | 7/01/2025  | 725.33 | 204.64 | 520.69 | 18515.38 |
| 31 | 8/01/2025  | 725.33 | 199.04 | 526.29 | 17989.09 |
| 32 | 9/01/2025  | 725.33 | 193.38 | 531.95 | 17457.14 |
| 33 | 10/01/2025 | 725.33 | 187.67 | 537.66 | 16919.48 |
| 34 | 11/01/2025 | 725.33 | 181.89 | 543.44 | 16376.04 |
| 35 | 12/01/2025 | 725.33 | 176.04 | 549.29 | 15826.75 |

| | | | | | |
|---|---|---|---|---|---|
| Subtotals | | 8703.96 | 2484.76 | 6219.20 | |
| 36 | 1/01/2026 | 725.33 | 170.14 | 555.19 | 15271.56 |
| 37 | 2/01/2026 | 725.33 | 164.17 | 561.16 | 14710.40 |
| 38 | 3/01/2026 | 725.33 | 158.14 | 567.19 | 14143.21 |
| 39 | 4/01/2026 | 725.33 | 152.04 | 573.29 | 13569.92 |
| 40 | 5/01/2026 | 725.33 | 145.88 | 579.45 | 12990.47 |
| 41 | 6/01/2026 | 725.33 | 139.65 | 585.68 | 12404.79 |
| 42 | 7/01/2026 | 725.33 | 133.35 | 591.98 | 11812.81 |
| 43 | 8/01/2026 | 725.33 | 126.99 | 598.34 | 11214.47 |
| 44 | 9/01/2026 | 725.33 | 120.56 | 604.77 | 10609.70 |
| 45 | 10/01/2026 | 725.33 | 114.06 | 611.27 | 9998.43 |
| 46 | 11/01/2026 | 725.33 | 107.48 | 617.85 | 9380.58 |
| 47 | 12/01/2026 | 725.33 | 100.84 | 624.49 | 8756.09 |
| Subtotals | | 8703.96 | 1633.30 | 7070.66 | |
| 48 | 1/01/2027 | 725.33 | 94.13 | 631.20 | 8124.89 |
| 49 | 2/01/2027 | 725.33 | 87.34 | 637.99 | 7486.90 |
| 50 | 3/01/2027 | 725.33 | 80.49 | 644.84 | 6842.06 |
| 51 | 4/01/2027 | 725.33 | 73.55 | 651.78 | 6190.28 |
| 52 | 5/01/2027 | 725.33 | 66.55 | 658.78 | 5531.50 |
| 53 | 6/01/2027 | 725.33 | 59.47 | 665.86 | 4865.64 |
| 54 | 7/01/2027 | 725.33 | 52.31 | 673.02 | 4192.62 |
| 55 | 8/01/2027 | 725.33 | 45.07 | 680.26 | 3512.36 |
| 56 | 9/01/2027 | 725.33 | 37.76 | 687.57 | 2824.79 |
| 57 | 10/01/2027 | 725.33 | 30.37 | 694.96 | 2129.83 |
| 58 | 11/01/2027 | 725.33 | 22.90 | 702.43 | 1427.40 |
| 59 | 12/01/2027 | 725.33 | 15.35 | 709.98 | 717.42 |
| Subtotals | | 8703.96 | 665.29 | 8038.67 | |
| 60 | 1/01/2028 | 725.13 | 7.71 | 717.42 | 0.00 |
| Subtotals | | 725.13 | 7.71 | 717.42 | |
| Grand Total | | 43519.60 | 11569.60 | 31950.00 | |

# EXHIBIT 2

E-RECORD RECEIVED
REGISTER OF DEEDS
CHARLEVOIX COUNTY, MI
2023 JAN 18 4:35 PM

**L: 1369 P: 219 #2023-0000299 LCMEMO
RECEIVED FOR RECORD
STATE OF MICHIGAN, COUNTY OF CHARLEVOIX
SHIRLEY M. COBLENTZ, REGISTER OF DEEDS
01/18/2023 04:37:32 PM PAGES: 3**

# MEMORANDUM OF LAND CONTRACT

THIS MEMORANDUM OF LAND CONTRACT entered into this 23rd day of December, 2022, by and between: Harvest Hill Properties, LLC, a New York Limited Liability Company by Iris Seckinger and Jeffrey Seckinger, Managing Members whose address is 10 Greenwood Drive #168, East Greenbush, NY 12061 hereinafter "Seller" and Michael Butler, whose address is 4939 West Rd., Ste 4-510, Chandler AZ 85226 hereinafter "Buyer".

WITNESSETH:

WHEREAS, Buyer and Seller have entered into a Land Contract of even date herewith; and, WHEREAS, The parties desire to enter into this Memorandum of Land contract to give record notice of existence of said Land Contract. NOW THEREFORE, in consideration of the Premises and for other good and valuable consideration, Seller acknowledges and agrees that they have sold to Buyer on the Land Contract dated October 24, 2022 the following described premises situated in the Township of Peaine, County of Charlevoix and State of Michigan, to wit:

**Legal Description: Unit 12, Gaelic Shores Condominium, according to the Master Deed as recorded in Liber 360, Page 163 through 231, inclusive, Charlevoix County Records, and designated as Charlevoix County Condominium Plan No. 80. Together with rights in general common elements and limited common elements as set forth in the above Master Deed and amendments thereto, and as described in Act 59 of the Public Acts of 1978, as amended.**

**Parcel ID: 012-610-012-00**

The purpose of this Memorandum of Land Contract is to give record notice to the existence of said Land Contract.

IN WITNESS WHEREOF, the parties hereto have executed this Memorandum of Land Contract and have caused their hands and seals to be affixed hereto the day and year first above written.

Signed, Sealed and Delivered in the
Presence of:

**Harvest Hill Properties, LLC, a New York Limited Liability Company**

**By: Iris Seckinger, Managing Member**

**By: Jeffrey Seckinger, Managing Member**

Witness

STATE OF ~~MICHIGAN~~ New York
County of Rensselaer

The foregoing instrument was acknowledged before me this 23rd day of December 2022, by Harvest Hill Properties, LLC, a New York Limited Liability Company by Iris Seckinger and Jeffrey Seckinger, Managing Members

Notary Public

My Commission Expires: 2/14/2026

ANGELA MATHENY
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01MA6429242
Qualified in Albany County
Commission Expires February 14, 2026

Signed, Sealed and Delivered in the
Presence of:

[signature]
**Michael Butler**

[signature] James Craig
Witness

STATE OF ~~MICHIGAN~~ Arizona RR
County of Maricopa

The foregoing instrument was acknowledged before me this 29th day of December 2022, by Michael Butler

Notary Public [signature] Ryan Robinson
My Commission Expires: 02/13/2025

RYAN ROBINSON
Notary Public - Arizona
Maricopa County
Commission # 596743
My Commission Expires February 13, 2025

**Drafted by: With the assistance of:**
**Iris Seckinger**
**10 Greenwood Dr #168, East Greenbush, NY 12061**
Michigan Investment Title
119 S. Main
Romeo, MI 48065

**When Recorded Mail To:**

Michigan Investment Title

119 S. Main St, Romeo, MI 48065

# EXHIBIT 3



Tel: 877-563-4164
Fax: 877-563-4161
Email: info@madisonmanagement.net
Web: www.madisonmanagement.net

02/26/2025

Michael Butler
4939 West Ray Road Suite 4-510
Chandler, AZ 85226
Account: REDACTED 8198

## PAYOFF STATEMENT

Dear Michael Butler

You are authorized to use the following amounts to payoff the above-mentioned loan. All necessary legal documents will be forwarded to the trustee or County Recorder for Full Reconveyance or Satisfaction upon receipt of payment in full.

| **Payoff Date** | **01/13/2025** |
|---|---|
| Maturity Date | 12/01/2027 |
| Next Payment Due | 09/01/2024 |
| Interest Rate | 12.900% |
| Interest Paid-To Date | 08/01/2024 |
| Principal Balance | $23,947.90 |
| Unpaid Interest | $0.00 |
| Accrued Interest From 08/01/2024 To 01/13/2025 | $1,404.99 |
| Unpaid Late Charges | $0.00 |
| Accrued Late Charges | $78.32 |
| Unpaid Charges *For additional details see itemization attached | $280.00 |
| Prepayment Penalty | $0.00 |
| Other Fees *For additional details see itemization attached | $225.00 |
| Trust Balance | $409.85 |
| **Payoff Amount** | **$25,526.36** |

Please add **$8.46** for each additional day past **01/13/2025**.

**PLEASE CALL TO VERIFY PAYOFF AMOUNT AND FEES DUE, PRIOR TO ISSUING PAYMENTS.**

This payoff statement will be of no force and effect, and the above figures may not be relied upon, after the Payoff Quote Expiration Date. We reserve the right to amend this statement should any changes occur that would increase the total amount for payoff. **Please note that this payoff statement expires on 01/14/2025**, at which time you are instructed to contact this office for additional instructions (FORWARDING FEES ARE DUE EVEN UPON CANCELLATION OF YOUR ESCROW).

All payoffs made pursuant to a payoff statement expiring on a date which is a Saturday, Sunday or federal holiday must be made on or before the business day immediately preceding such expiration date in order to be credited timely. Delivery of funds on a subsequent business day will not be accepted and may cause a shortage in the payoff amount.

For amortized loans, all monthly interest calculations must be made using a thirty (30) day calendar month and a three hundred sixty (365) day calendar year. For Interest only loans, Interest calculations for any one (1) month must be based on the actual days and a three hundred sixty-five (365) day year. Interest must be remitted THROUGH the date such funds are received by **Madison Management Services, LLC**

Make disbursement check payable to**: Madison Management Services, LLC**

**(ONLY CERTIFIED FUNDS, WIRE TRANSFER OR A TITLE COMPANY CHECK WILL BE ACCEPTED)**

This communication is from a debt collector but does not imply that Madison Management Services is attempting to collect money from anyone whose debt has been discharged pursuant to (or who is under the protection of) the bankruptcy laws of the United States; in such instances, it is intended solely for informational purposes and does not constitute a demand for payment. North Carolina Collection Agency Permit # 119505312.



Madison
MANAGEMENT SERVICES,LLC
Exceptional Loan Servicing

Tel: 877-563-4164
Fax: 877-563-4161
Email: info@madisonmanagement.net
Web: www.madisonmanagement.net

**PAYOFF REMITTANCE INFORMATION**

Your payoff remittance must be in the form of a wire title company check or certified funds. You must reference the payoff remittance and include the borrower's name(s), subject property complete address and loan number as set forth above.

**WIRE TO:**

C/O Madison Management Services, LLC
JPMORGAN CHASE BANK, NA
10430 HIGHLAND MANOR DR
TAMPA, FL 33610
ABA: REDACTED
Account #: REDACTED
Loan Number: REDACTED 8198
Property Address: 0 S End Road Lot 12 Beaver Island, MI 49782

**FOR ALL FUNDS DUE FROM BORROWER – FUNDS MUST BE MADE VIA WIRE TRANSFER PRIOR TO CLOSING – PLEASE DO NOT SEND A WIRE WITHOUT VERBALLY VERIFYING WIRING INSTRUCTIONS WITH OUR OFFICE DUE TO FRAUD.**

We reserve the right to correct any portion of this Payoff Statement at any time. All balances are subject to change if any transactions occur after the above-written payoff statement date. If, and prior to the application of payoff funds received, Madison Management Services, LLC has received any payment on this account within the prior thirty (30) days and applied such payment to the borrower's account for the purpose of issuing this Payoff Statement and if, for any reason whatsoever, such funds are reversed including, without limitation, insufficient funds or a stop payment being placed on a check, this Payoff Statement shall be deemed invalid, null and void and of no force or effect and a new Payoff Statement must be obtained from Madison Management Services, LLC in order to reflect the correct amount due and owing.

Upon receipt of your payoff remittance, Madison Management Services, LLC will verify all the amounts due and in the event that the payoff amount received is less than the total amount necessary to satisfy the loan, Madison Management Services, LLC will return the funds with a new Payoff Statement and continue to accrue interest on the loan.

Within thirty (30) calendar days after payoff, any overpaid amount and/or remaining escrow funds will be remitted to the borrower of record, contingent upon clearance of all funds remitted. Unless an address is provided where such refund should be sent, the refund will be sent to the last known address of the borrower of record.

**RELEASE OF LIEN**

Please provide book, page and/or instrument number, legal description and original lender of record for processing release of lien upon receipt of funds sufficient to pay off the loan in full.

Issuance of this Payoff Statement does not suspend the contractual requirement to make loan payments when due in accordance with the terms and conditions of the note and security instrument. Please note that Madison Management Services, LLCdoes ***NOT*** accept any payments remitted via any type of "Auto-Draft", "Auto-Payment", or ACH draft without prior written agreement therefore specifically with Madison Management Services, LLC.

Issuance of this Payoff Statement will not future escrow disbursements, if applicable. Property taxes or insurance premiums will still be made by Madison Management Services, LLC even after this Payoff Statement is issued, if required under any agreements with respect to escrow accounts. If such disbursement create escrow advances and change the amount due to satisfy the loan in full, such advances must be paid prior to the application of any payoff funds and satisfaction of the Mortgage/Deed of Trust. If, due to the borrower's failure to provide proof of coverage, Madison Management Services, LLC has exercised the right to obtain a property insurance policy on borrower's behalf, SUCH POLICY SHALL BE CANCELLED EFFECTIVE ON THE DATE THE LOAN IS PAID IN FULL.

If account is past due, collection expenses and legal fees may be accruing.

Please direct all questions to accounting at 877-563-4164,

Sincerely **Madison Management Services, LLC**

4600 Kietzke Lane, Ste K-225, Reno, NV 89502

This communication is from a debt collector but does not imply that Madison Management Services is attempting to collect money from anyone whose debt has been discharged pursuant to (or who is under the protection of) the bankruptcy laws of the United States; in such instances, it is intended solely for informational purposes and does not constitute a demand for payment. North Carolina Collection Agency Permit #119505312.



Madison
MANAGEMENT SERVICES,LLC
Exceptional Loan Servicing

Tel: 877-563-4164
Fax: 877-563-4161
Email: info@madisonmanagement.net
Web: www.madisonmanagement.net

| ITEMIZATION OF UNPAID CHARGES | | | | | |
|---|---|---|---|---|---|
| **Date** | **Description** | **Interest Rate** | **Unpaid Balance** | **Accrued Interest** | **Total Due** |
| 08/01/2024 | August 2024 Servicing | 0.000% | $35.00 | $0.00 | $35.00 |
| 09/01/2024 | September 2024 Servicing | 0.000% | $35.00 | $0.00 | $35.00 |
| 10/01/2024 | October 2024 Servicing | 0.000% | $35.00 | $0.00 | $35.00 |
| 11/01/2024 | November 2024 Servicing | 0.000% | $35.00 | $0.00 | $35.00 |
| 12/01/2024 | December 2024 Servicing | 0.000% | $35.00 | $0.00 | $35.00 |
| 01/01/2025 | January 2025 Servicing | 0.000% | $35.00 | $0.00 | $35.00 |
| 02/01/2025 | February 2025 Servicing | 0.000% | $35.00 | $0.00 | $35.00 |
| 03/01/2025 | March 2025 Servicing | 0.000% | $35.00 | $0.00 | $35.00 |
| | | | | **Total** | **$280.00** |

| ITEMIZATION OF OTHER FEES | |
|---|---|
| **Description** | **Amount** |
| Lien Release Document Preparation Fee | $150.00 |
| Wire Fee | $15.00 |
| Admin Fee | $50.00 |
| Postage/Electronic Submission Fees | $10.00 |
| **Total** | **$225.00** |

4600 Kietzke Lane, Ste K-225, Reno, NV 89502

This communication is from a debt collector but does not imply that Madison Management Services is attempting to collect money from anyone whose debt has been discharged pursuant to (or who is under the protection of) the bankruptcy laws of the United States; in such instances, it is intended solely for informational purposes and does not constitute a demand for payment. North Carolina Collection Agency Permit # 119505312.