Joseph E. Cotterman (Bar No. 013800)
5232 West Oraibi Drive
Glendale, Arizona 85308
Telephone: (480) 353-0540
Cottermail@cox.net
*SubChapter V Trustee*

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>MICHAEL ANTHONY BUTLER,<br><br>Debtor | In Proceedings under Chapter 11 Subchapter V<br><br>Case No. 2-25-bk-00258-MCW<br><br>**SUBCHAPTER V TRUSTEE'S RECOMMENDATION REGARDING CONFIRMATION OF SECOND AMENDED PLAN OF REORGANIZATION**<br><br>Hearing Date: January 21, 2026<br>Hearing Time: 1:30 p.m.<br>Hearing attendance: Courtroom 702<br>230 North First Avenue<br>Phoenix, Arizona 85003 |

I, Joseph Cotterman, the Subchapter V trustee appointed in this case, hereby submit the following recommendation regarding confirmation of the *SECOND AMENDED CHAPTER 11 (SUBCHAPTER V) PLAN OF REORGANIZATION* filed by debtor Michael Anthony Butler ("Mr. Butler") at ECF docket number 131 on December 5, 2025 (the "Plan"):

**Summary Recommendation:** As filed, the Plan raised a number of concerns and questions regarding whether it meets the criteria for confirmation. Many of those concerns were reflected in creditor Wyoming Auto Finance's ("WAF") objection to confirmation of Mr. Butler's prior plan filed at ECF docket number 118; I filed a partial joinder in that objection at ECF docket number 121.

1

After considerable negotiation and discussions, I believe the parties have reached agreement on the terms of the current Plan that resolves all confirmation disputes. I believe it is most appropriate for Debtor's counsel, and to a lesser extent WAF's counsel, to announce and commit to those agreed-upon terms on the record at the confirmation hearing, and my understanding is that they will do so.[1] Accordingly, this recommendation does not discuss all the details of the Confirmation Agreement that is primarily between Mr. Butler and WAF. The parties' agreement is hereinafter referenced as the Confirmation Agreement. However, subject to the parties' affirmation of the Confirmation Agreement's terms at the confirmation hearing, I would conditionally recommend that the Court confirm the Plan on a nonconsensual basis pursuant to 11 U.S.C. §1191(b)[2].

The content of the Plan includes those items required by §1190, including a brief history of Mr. Butler's business operations as they relate to this case; a narrative and graphic liquidation analysis;[3] and projections regarding Mr. Butler' ability to make plan payments.[4] Subject to resolution of the open issues noted herein and the terms of the Confirmation Agreement, I believe the Plan would meet the requirements to be confirmed on a nonconsensual basis pursuant to §1191(b). Specifically:

1. Section 1129(a)(1) — It appears that the Plan complies with applicable provisions of the Bankruptcy Code. As noted above, the content of the Plan includes the information and terms required by §1190. Under the Plan, all claims are adequately

---

[1] To be clear, I likewise had input on the terms of the Confirmation Agreement, and I also consent to the terms thereof provided they are fully and accurately set forth on the record at the confirmation hearing.
[2] Statutes in the Bankruptcy Code are hereinafter cited by section number only.
[3] Plan, page 12-13.
[4] Plan Exhibit B. Section 1190(2) also requires that the plan "provide for the submission of all or such portion of the future earnings or other future income of the debtor to the supervision and control of the trustee as is necessary for the execution of the plan." As filed, the Plan did not meet this confirmation requirement, but my understanding is that the Confirmation Agreement includes terms that meet this requirement.

classified, and no provision of the Plan provides for relief or claim treatment beyond what is permissible under the Bankruptcy Code.

  2. §1129(a)(2) — It appears that Mr. Butler has complied with the Bankruptcy Code's requirements, including: soliciting votes on the Plan in a manner consistent with the Confirmation Procedures Order (entered at ECF docket number 134) and F.R.Bankr. P. 3017(d) (certificate of service at ECF docket number 135); complying with orders of the Court; and conducting his financial affairs within the confines established by the Bankruptcy Code and orders of the Court, including filing monthly operating reports for the months between the conversion date and December 2025. (ECF docket numbers 81, 102, 103, 108, 119, 120, 136, 137, and 141).

  3. §1129(a)(3) —The Plan, as modified by the Confirmation Agreement, appears to have been proposed in good faith and not by any means forbidden by law. The Plan provides for distributions to creditors from Mr. Butler's future revenue, and treats similarly-situated creditors equally except to the extent that they may agree to less favorable treatment. The Plan does not place the burden of the reorganization disproportionately on one class of creditors or another except to the extent that the Bankruptcy Code's priorities dictate different treatment among certain classes of creditors.

  4. §1129(a)(4) — It appears that all payments to be made under the Plan for services or costs and expenses in connection with this case have either been approved by the Court or are subject to the Court's approval as reasonable prior to any such payment.

  5. §1129(a)(5) – Because this is an individual Subchapter V case, this confirmation requirement does not apply.

  6. §1129(a)(6) — This subparagraph relates to business entities with regulated rates, and I believe it does not apply in this case.

3

Case 2:25-bk-00258-MCW Doc 142 Filed 01/20/26 Entered 01/20/26 11:31:28 Desc
Main Document Page 3 of 6

7. §1129(a)(7) — Based on the terms of the Plan, a review of Mr. Butler's schedules, liquidation analysis, the ballot report filed at ECF docket number 139, and the Confirmation Agreement, with respect to each impaired class of claims, it appears that each claimholder has either accepted the Plan, or will receive at least as much under the Plan as such claimholder would receive if Mr. Butler's nonexempt assets were liquidated under Chapter 7. The liquidation analysis set forth in the Plan shows that other than administrative and priority creditors, other creditors would receive nothing in a liquidation of Mr. Butler's assets. Based on the foregoing, I believe the Plan satisfies the requirements of §1129(a)(7) and §1190(1)(b).

8. 1129(a)(8) — The Ballot Report (ECF docket number 139), reflects that not every impaired class affirmatively voted to accept the Plan. Accordingly, it appears that the confirmation requirement of §1129(a)(8) is not satisfied, precluding confirmation under §1191(a). However, for the reasons discussed in this Recommendation, I believe the Plan is still eligible for confirmation under §1191(b).

9. §1129(a)(9) — The Plan, at page 5, proposes to pay administrative expenses on the Effective Date or as otherwise agreed between Mr. Butler and any such administrative expense claimant. I believe this Plan treatment satisfies §1191(a)(9)(A). The only priority claims in this case are §507(a)(8) tax claims, and the Plan, at page 6, treats those claims in accordance with the requirements of §1129(a)(9)(C). Accordingly, I believe the Plan satisfies the requirements of §1129(a)(9).

10. §1129(a)(10) — Based on the Ballot Report, at least one class of impaired claims has accepted the Plan, without considering any acceptance of the Plan by any insider.

11. §1129(a)(11) — Based on the terms of the Plan including the Plan's projections, and the monthly operating reports filed by Mr. Butler over the course of this case, I cannot presently determine whether the Plan is economically feasible or whether

confirmation of the Plan is likely to be followed by a subsequent unforeseen liquidation. Mr. Butler's projections show adequate revenue to make all Plan payments. However, Mr. Butler's monthly operating reports filed in this case vary considerably, with some reflecting monthly revenue sufficient to make the distributions proposed under the Plan, and some reflecting insufficient revenue to do so. I have spoken with Mr. Butler and his counsel about the foregoing. I believe Mr. Butler and his counsel are aware of this issue and my understanding is that he will make a presentation to the Court to explain how and why the Plan is feasible for reasons beyond what the monthly operating reports reflect. Accordingly, in the effort to facilitate a consensual, or at least undisputed, confirmation, I defer to Mr. Butler and the Court on whether the Plan meets the requirement of §1129(a)(11).

12. §1129(a)(12) — It appears that all fees payable to the United States Trustee under 28 U.S.C. §1930 have been paid. In this case, it appears the only such fees were the filing fee for the petition. Pursuant to 28 U.S.C. §1930(a)(6), no quarterly fees are due or payable to the United States Trustee in a Subchapter V case.

13. §1129(a)(13) — This subparagraph relates to retiree benefit payments; accordingly, it does not appear to apply in this case.

14. §1129(a)(14) — This subparagraph relates to payment of domestic support obligations, and does not appear to apply in this case.

15. §1129(a)(15) — Pursuant to §1191(a) and (b), this subparagraph is not a confirmation requirement for Subchapter V cases.

16. §1129(a)(16) — This subparagraph relates to property transfers by a nonprofit corporation or trust, and does not apply in this case.

Based on the foregoing, and subject to the parties' affirmation on the record of the terms of the Confirmation Agreement, I believe the Plan qualifies for confirmation under §1191(b) because as to the nonaccepting impaired class, I believe the Plan will be fair

5

Case 2:25-bk-00258-MCW    Doc 142    Filed 01/20/26    Entered 01/20/26 11:31:28    Desc
Main Document    Page 5 of 6

and equitable within the meaning of §1191(c) in that: i) it satisfies the requirements of §1191(c)(2)(A) by devoting Mr. Butler's projected disposable income to Plan payments for the full term of the Plan; ii) my understanding is that Mr. Butler will make a presentation to the Court regarding his ability to make all Plan payments; and, iii) the Confirmation Agreement will address additional protections and remedies for creditors in the event Plan payments are not made.

### Additional Considerations

**Plan Distributions:** The Plan proposes that if confirmed under §1191(b), Mr. Butler will administer his estate and make Plan distributions. The terms of the Confirmation Agreement alter this Plan provision, and my understanding is that Mr. Butler's counsel will discuss and commit to those alterations on the record at the confirmation hearing.

### CONCLUSION

Subject to the Court's determination of the open issues noted herein, including the terms of the Confirmation Agreement to be placed on the record, I would conditionally recommend that the Court confirm Mr. Butler's Plan pursuant to §1191(b).

Dated: January 20, 2026.

/s/ *Joseph E. Cotterman*  AZBAR#013800
Joseph E. Cotterman
Subchapter V Trustee